UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| HAROLD GRAYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:18-cv-781 |
| v. ) | |
| ) | Honorable Robert J. Jonker |
| DALE OWEN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

This is a civil action brought *pro se* by Harold Grayson. Plaintiff filed his complaint on July 16, 2018, and it was not subject to initial screening because plaintiff paid the filing fee rather than seeking leave to proceed *in forma pauperis*. The only named defendant is Dr. Dale Owen, a psychiatrist in Bellaire, Michigan. Dr. Owen has never been served with process or otherwise appeared during the more than six months this case has been pending. Upon review, I recommend that plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction and the law 'presume[s] that a cause lies outside this limited jurisdiction.' " *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Vander Boegh*, 772 F.3d at 1064. " 'Subject-matter jurisdiction can never be waived or forfeited,' and courts are obligated to

consider *sua sponte* whether they have such jurisdiction." *Id.* (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"Congress has articulated two circumstances under which a federal court may exercise jurisdiction over a claim: (1) in civil actions between citizens of different states where the amount in controversy exceeds $ 75,000, called diversity jurisdiction; and (2) in civil actions 'arising under the Constitution, laws, or treaties of the United States,' referred to as federal question jurisdiction." *Funderwhite v. Local 55, United Ass'n*, 702 F. App'x 308, 311 (6th Cir. 2017) (quoting 28 U.S.C. § 1331).

Plaintiff provides Michigan addresses for himself and Dr. Owen. Plaintiff states that he "would like to start a malpractice suit[.]" (Compl., 1-2, ECF No. 1, PageID.1-2). Plaintiff has not alleged facts raising any federal question or establishing a foundation for the Court's exercise of diversity jurisdiction.

**Recommended Disposition**

Accordingly, I recommend the plaintiff's complaint (ECF No. 1) be dismissed for lack of subject matter jurisdiction.

Dated:   January 29, 2019              /s/  Phillip J. Green
                                       PHILLIP J. GREEN
                                       United States Magistrate Judge

**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).